# EDDY *a.* BEACH.

*New York Common Pleas; Special Term, July,* 1858.

## COMPLAINT.—IRRELEVANT MATTER.

In an action for false imprisonment, the particular instrumentality, by which the plaintiff was deprived of his liberty, should not be set out in the complaint.

If the facts and circumstances of the arrest are averred in the complaint, the averments may be struck out on motion.

Motion to strike out parts of complaint as irrelevant.

The action was for false imprisonment of the plaintiff by Sophia Beach, at the instigation of her counsel, Lewis Beach, the other defendant.

The complaint alleged that the plaintiff was heretofore in partnership with Lewis Beach (father of the defendant Lewis Beach, and husband of the defendant Sophia Beach)—the death of Lewis Beach—the taking out of letters testamentary by Sophia Beach—the commencement of an action by Sophia Beach for an accounting against the plaintiff and another, surviving partners of Lewis Beach—the particular nature of that action. The complaint then goes on to state, that on the 17th day of March, 1858, Sophia Beach made an affidavit in the said action, by and through the instigation of Lewis Beach. The substance of this affidavit is fully set out—that this affidavit was presented to the Supreme Court, and thereupon a writ was granted, ordering the arrest of the plaintiff. The complaint gives the contents of this writ, which was a *ne exeat*, holding the plaintiff to bail in the sum of $120,000 : that the plaintiff was arrested on this writ, and kept in close custody until the 1st day of April, 1858, when the same was vacated by order of the Supreme Court, and the plaintiff released from custody. The complaint then denies specifically the allegations in the affidavit upon which the writ was founded, and concludes with a prayer for $50,000 damages.

The defendants moved to strike out all of the matter in the complaint, except the allegation of the arrest of the plaintiff, and his subsequent discharge.

*Lewis Beach,* for the motion.—I. There is not an averment in the first five pages of the complaint, which are given to setting out the particular instrumentality by which the plaintiff was deprived of his liberty, which has any bearing on the subject of the controversy. (1 *Code R., N. S.,* 121.) There is not an averment which can be made the subject of a *material* issue. (6 *How. Pr. R.,* 68 ; 4 *Ib.,* 119.)

II. The allegations do not go to constitute a cause of action. (1 *Code R.,* 102 ; 5 *How. Pr. R.,* 476 ; 1 *Code. R., N. S.,* 404.)

III. The fact to be pleaded in this case, and the *only* fact, is

that the plaintiff was arrested maliciously, and without probable cause; the particulars in the complaint are merely *evidences* of that fact, and not pleadable. (10 *How. Pr. R.*, 50; 5 *Sandf.*, 566.)

IV. As to the allegations in the complaint, denying what was charged in the affidavit upon which the plaintiff was arrested, see 1 *Johns. Ch. R.*, 106.

BRADY, J.—The motion in this case must be granted, with liberty to the plaintiff to insert such allegations as he may be advised are material and necessary to charge Lewis Beach. The doctrine of the case of Shaw a. Jayne (4 *How. Pr. R.*, 119), as to the forms of pleadings in these cases, is correct. The evidence substantiating the plaintiff's claim should not be set forth. The plaintiff relies upon an imprisonment which was instigated by Lewis Beach, and was malicious. He should charge these facts only, leaving the facts and circumstances of the arrest, and those showing it to have been malicious, until the trial.

Motion granted, with $10 costs, to abide event, and with liberty to plaintiff to amend his complaint, by making other allegations, if so advised.